**REN LE QIAN, Qin Zhou Yong, aka Yung Chou, aka Chin Kang Chua, Petitioners,**

v.

**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 07–2865–ag.

United States Court of Appeals, Second Circuit.

Nov. 19, 2009.

Joshua Bardavid, Law Office of Jan Potemkin, New York, NY, for Petitioners.

Gregory G. Katsas, Assistant Attorney General; Michelle Latour, Assistant Director; Nairi M. Simonian, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioners Ren Le Qian and Qin Zhou Yong, natives and citizens of the People's Republic of China, seek review of a June 29, 2007 order of the BIA, reversing the February 23, 2004 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan, which granted their application for asylum and withholding of removal. *In re Ren Le Qian, Qin Zhou Yong,* Nos. A072 565 031, A070 455 860 (B.I.A. June 29, 2007), *rev'g* Nos. A072 565 031, A070 455 860 (Immig. Ct. N.Y. City Feb. 23, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an independent decision on remand, we review the BIA's decision alone. *See Belortaja v. Gonzales,*

484 F.3d 619, 622–23 (2d Cir.2007). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

Contrary to the petitioners' argument, the BIA did not apply an erroneous standard of review in determining that their evidence failed to demonstrate the objective reasonableness of their claimed fear of forced sterilization. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 162–63 (2d Cir. 2008) (concluding that the BIA did not apply an erroneous legal standard in making "a legal determination that, while [petitioner's] credible testimony was sufficient to demonstrate a genuine subjective fear of future persecution, more was needed to demonstrate the objective reasonableness of that fear") (citing *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004)). Moreover, we "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise" and there is nothing in the BIA's decision compelling the conclusion that it failed to take into account petitioners' evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n. 17 (2d Cir.2006). Indeed, we have previously reviewed the BIA's consideration of evidence similar to that which petitioners presented and have found no error in its conclusion that such evidence is insufficient to establish an objectively reasonable fear of persecution. *See Jian Hui Shao*, 546 F.3d at 156–65.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).